UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| ELIA MARIA COMACHO GARCIA | ) | |
| | ) | |
| v. | ) | Nos.: 2:13-cv-203; 2:11-cr-103(3) |
| | ) | *Greer/Inman* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence brought under 28 U.S.C § 2255, [Doc. 262].[1] According to the judgment, Petitioner Elia Maria Comacho Garcia, Prisoner Number 28176-057, was convicted, pursuant to her guilty plea, of violating 21 U.S.C. § 846 and § 841(b)(1)(B) by conspiring to distribute and possess with intent to distribute 100 kilograms or more of marijuana (Count One in the Indictment) and by conspiring to distribute and to possess with intent to distribute 500 grams or more of cocaine (Count Two); and 18 U.S.C. § 1956(h) and § 1956(a)(1)(A)(i) by money laundering, (Count Seven), [Doc. 208]. For these convictions, she was sentenced to a total term of 78-months imprisonment.

Petitioner filed a direct appeal, which is presently pending before the United States Court of Appeals for the Sixth Circuit. *See United States v. Elia Garcia*, Docket No. 13-5397 (6th Cir. filed Mar. 23, 2013), available at https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=13-5397&incOrigDkt=Y&incDktEntries=Y (last visited on October 25, 2013).

---

[1] All citations to the record refer to petitioner's criminal file.

A defendant who has a direct appeal pending may not maintain a 28 U.S.C. § 2255 action, absent extraordinary circumstances. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (adopting the rule that, in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application during the pendency of a direct appeal).

Petitioner has presented no extraordinary circumstances that would cause the Court to entertain this motion. Indeed, her only claims in the motion are based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and the Court sees no reason why she could not raise these claims on direct appeal. Be that as it may, the presentation of these claims in a precipitous § 2255 motion does not constitute an exceptional circumstance.

Accordingly, Petitioner's § 2255 motion will be **DISMISSED** without prejudice.

Lastly, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not debate the correctness of the procedural ruling disposing of this motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, Petitioner will be **DENIED** issuance of a certificate of appealability. Rule 22(b) of the Federal Rules of Appellate Procedure.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE